*H. Cooper*, for the plaintiff.

---

## WINSTON *v.* McCormick.

The statute of limitations forms no part of the contract; it affects the remedy only, and that statute governs which happens to be in force when suit is brought.

*Friday,*
*May 26.*

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—Assumpsit against *Winston* for goods sold and delivered, money had and received, &c.

The suit was commenced in *December*, 1845.

Plea, that the causes of action did not, nor did either of them, accrue within five years next before the commencement of the action. General demurrer to the plea, and judgment for the plaintiff.

The limitation of actions of assumpsit on unwritten contracts is, by the act of 1843, six years. R. S. 1843, p. 686.

The defendant, however, contends, that this suit, though commenced in 1845, is, as to the time for commencing it, governed by the act of 1838 under which the contract was made, which act limited the bringing of such actions to five years.

The act of 1838 is admitted to be repealed by the general repealing act of 1843; but the defendant relies on a proviso in the repealing act. That proviso, however, does not, in our opinion, affect the case. The effect of the proviso is only to save, from the consequences of the repeal, certain rights actually existing when the repeal took place.

It does not appear that, at the time of the repeal, namely, in the spring of 1844, when the Revised Statutes took effect, the defendant had any defence; because his

plea may be true, though the five years had not, at that time, elapsed. If the defence did not exist when the act of 1838 was repealed, the defendant had no existing right to be affected by the repeal.

Had the five years relied on by the plea expired before the repeal of the act of 1838, that act might be said to have operated upon the case, and the defendant would then have had a defence which the subsequent repeal of the act would not have taken away. That point was decided at the last term in the case of *McKinney* v. *Springer;* but this is a different case.

Considering, as we do, the proviso in the repealing act of 1843 as out of the question, the case of *Ogden* v. *Blackledge*, is a direct authority against the plea. The Court there says, that the act of limitations recited in the plea was no bar; the same having been repealed before the period of limitation prescribed by it had expired. 7 Cranch, 272.

The defendant, in order to show his construction of the statutes to be right, says that suits on contracts made previously to the act of limitations of 1843 are unlimited unless the old act governs them; the act of 1843 being prospective only. But we do not agree to this. The language of the act of 1843 on the subject is not uniform. In one place it is " after the cause of action shall accrue;" in another, " after the accruing of the cause of action;" in others, " after the cause of action shall have accrued." We suppose the legislature intended to embrace all cases both before and after the taking effect of the act, except such as are within the decision of *McKinney* v. *Springer* above cited. This construction seems to be warranted by the following case: A parol acknowledgment was formerly sufficient in England, to take a case out of the statute of limitations. In 1828, an act was there passed with a provision substantially as follows: No acknowledgment shall take a case out of the statute of limitations, unless such acknowledgment shall be made and contained in some writing *to be signed* by the party chargeable thereby. This act was held to apply to acknowledg-

May Term,
1848.

ments made before as well as to those made after the act took effect.

This suit having been commenced after the act of 1843 was in force, which prescribes six years as a bar, the plea relying on the lapse of five years next before the suit was commenced, cannot be sustained. Were the statute of limitations a part of the contract, then this plea would be valid; but the law is otherwise. The statute affects the remedy only; and that statute governs cases like this, which happens to be in force when the suit is brought. *Huber* v. *Steiner*, 2 Bingh. N. C. 202.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*R. C. Gregory*, for the plaintiff.

*Z. Baird*, for the defendants.