## RENICKER ET AL. *v.* DAVIS ET AL.

[No. 21,228. Filed October 29, 1908.]

1. APPEAL.—*To Circuit Court.—Jurisdiction.—Drainage.—Preliminary Report.—Prayer for Appeal.—Bonds.*—Where an appeal is taken to the circuit court from a decision of the board of commissioners on a preliminary report in a drainage proceeding, under §5624 Burns 1905, Acts 1905, p. 456, §3, without praying for such appeal at the time of the decision on the exception to such report as therein provided, the circuit court obtains no jurisdiction, and on appeal therefrom the Supreme Court obtains none, even though the necessary bond was filed. p. 135.

2. SAME.—*Drainage.—Statutes.*—Under §§5624, 5625 Burns 1905, Acts 1905, p. 456, §§3, 4, two appeals may be taken in a drainage case—one from the interlocutory judgment on the preliminary report, the other from the final order. p. 136.

3. SAME.—*From Boards of Commissioners.—Drainage.—Effect.*—An appeal, under §5624 Burns 1905, Acts 1905, p. 456, §3, from the board of commissioners' decision on the preliminary report in a drainage case, stays all further proceedings in the cause. p. 137.

4. SAME.—*From Boards of Commissioners.—Drainage.—Right of.*—The right of appeal from the decision of a board of commissioners upon the exceptions to a preliminary report in a drainage proceeding is purely statutory, and the appellant must bring himself within the statutory terms. p. 137.

5. SAME.—*Conditions.—Legislative Powers.*—The legislature has the right to prescribe the conditions for an appeal. p. 137.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Drainage proceeding by Thomas Davis and others, against which John Renicker and others remonstrate. From a judg-

ment for petitioners, remonstrators appeal. *Appeal dis-missed.*

*George A. Williams,* for appellants.
*Frank Foltz* and *Charles G. Spitler,* for appellees.

MONTGOMERY, J.—This proceeding was begun by appel-lees. before the Board of Commissioners. of the County of Jasper, by filing a petition and bond for the construc-tion of a ditch under the act approved March 6, 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905). The matter was duly referred to drainage commissioners, who made a preliminary report, and upon an intervening or sup-plementary petition was again referred, and an amended preliminary report filed, and the petition amended to cor-respond with this report. In the amended report and peti-tion the route and description of the proposed ditch were changed from that first contemplated, and appellants' lands, among others, were reported as affected by the proposed work, and due notice was given to the owners of such lands. Appellants filed exceptions to this preliminary report, to which appellees demurred, and, upon consideration of the matter, the board overruled appellants' exceptions, to which ruling they objected. The amended petition and prelim-inary report were thereupon referred to the drainage com-missioners, with directions to meet at a designated time and proceed at once with the work, and to make and file their final report on or before a specified date. It was further ordered that the costs occasioned by the filing of said excep-tions to the preliminary report be taxed to appellants, to which they objected.

Within thirty days thereafter appellants filed an appeal bond for an appeal to the circuit court, and a transcript of the proceedings was accordingly filed in the court below. In the circuit court appellees filed a motion to dismiss the ap-peal, upon the principal ground that, at the time the order or judgment of the board was rendered overruling appel-

lants' exceptions to the preliminary report and referring the same back to the drainage commissioners, appellants did not pray an appeal therefrom, and consequently waived their right to appeal. This motion was overruled, and an exception thereto properly saved by appellees.

Such further proceedings were had in the circuit court as resulted in sustaining appellees' demurrers to each paragraph of remonstrance to the preliminary report, to which decisions appellants duly excepted, and prayed and perfected an appeal therefrom to this court.

Appellees renew their motion to dismiss this appeal, and insist that, as the circuit court was without jurisdiction to hear this appeal as against their motion to dismiss, the infirmity still exists.

The drainage act of 1905, *supra,* allows aggrieved parties two appeals—one, interlocutory, from the action of the court with respect to the preliminary report and including rulings prior thereto (§5624, *supra*), and the other, from the final order or judgment (§5625, *supra*). The provisions of §5624, *supra,* granting such interlocutory appeal from the circuit or superior court to the Supreme Court, are as follows: "Any person or corporation deeming himself or itself aggrieved by such judgment of dismissal or order of reference, or by any prior ruling or order of the court, may appeal therefrom by praying for such appeal at the time of the decision of the court upon the exception to the preliminary report, and by filing within thirty days thereafter an appeal bond to the approval of the court or the judge in vacation, a transcript of the record on such appeal, and all bills of exceptions shall be filed in the office of the Clerk of the Supreme Court within ninety days after the filing of the appeal bond."

Section nine of the act (§5630, *supra*) provides that when a proposed drain will affect lands and rights wholly within one county, it may be constructed by the board of commissioners of the county instead of the circuit or superior court,

and grants an appeal from the board to the circuit or superior court of the county in the following language: ''Appeal from the action of the county board on the preliminary report of the drainage commissioners may be taken to the circuit or superior court of the county within the time and in the manner provided in section three of this act in case of appeal from the action of the circuit or superior court to the Supreme Court, and a like appeal, taken within like time and in like manner, may be had to the Supreme Court from the decision of the circuit or superior court on the appeal from the board.''

When such interlocutory appeal is taken all proceedings in the court below are stayed until it is determined. The obvious aim of the statute is to make all such appeals

3. in the nature of term-time appeals, and thus to require prompt action in perfecting the same. The right to such appeal exists only by virtue of this statute, and a party desiring to exercise the privilege must bring

4. himself clearly within the provisions of the statute.

Under former drainage laws, and under the general statute authorizing appeals from boards of commissioners, no prayer for an appeal was required, but such appeal was effected, so far as the appellant was concerned, by filing a good and sufficient bond with the auditor within the prescribed time. *Smith* v. *Gustin* (1907), 169 Ind. 42.

The drainage act of 1905, *supra,* plainly requires a party deeming himself aggrieved by the action of the board upon the preliminary report, and desiring to appeal there-

5. from, (1) to pray such appeal at the time, and (2) within thirty days thereafter to file his appeal bond.

It is unnecessary for us to suggest reasons for this requirement, since it was within the province of the legislature to impose such a condition, and it is expressed in as positive and clear terms as the provision for the filing of an appeal bond. In this case appellants permitted their exceptions to the preliminary report to be overruled, and the matter to be

referred back to the drainage commissioners for final report, and the final report to be made and filed before making their desire to appeal known. Appellees challenged their asserted right to such appeal at the earliest opportunity, by interposing a motion to dismiss, and have properly presented the question for our decision. The appeal was not taken in the manner required by the statute, and when questioned, as shown, should have been dismissed. The circuit court having improperly entertained jurisdiction of the appeal, the jurisdiction of this court is subject to the same infirmity, and the appeal is dismissed at the cost of the appellants.