---

## In re ALE et al.

[No. 10,168.   Filed December 11, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Proceedings of Industrial Board.*—*Notice.*—Under §§59 and 60 of the Workmen's Compensation Act (Acts 1915 p. 392), providing that copies of awards shall be sent to each of the parties and that, if

an application for review is made within seven days from the date of an award by less than the full board, the full board shall review the evidence, make an award, and send a copy thereof to the parties, it is the imperative duty of the Industrial Board to send copies of the award to each party as directed, the purpose of these provisions being to afford the interested parties ample opportunity to protect their rights, including those of review and appeal. p. 149.

2. ACTION.—*Neglect of Public Officer.*—Where a party in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right wholly because of the neglect or misconduct of an officer charged with a public duty with respect thereto, the law will protect him. p. 150.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Nature of Power.*—It is a legal maxim that "an act of the court shall prejudice no one," and, although the Industrial Board is not a court, it is an administrative body with at least quasi-judicial powers, and the underlying principle embodied in such maxim is applicable to its proceedings. p. 150.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Notice of Award.—Failure to Send.—Right to Review.*—Where a clerk in the office of the Industrial Board misdirected a copy of an award adverse to applicants, so that it was received too late to file an application for review by the full board within seven days from the date of the award, as provided in §60 of the Workmen's Compensation Act (Acts 1915 p. 392), the Industrial Board has the power, and it is its duty to protect the complaining parties in their right to have the award reviewed on application therefor filed within a reasonable time after the expiration of the seven-day period. p. 151.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Luna Ale and others. Certified questions of law by the Industrial Board. *Questions answered.*

BATMAN, P. J.—Under the provisions of §61 of the Workmen's Compensation Act of 1915 (Acts 1915 p. 392), as amended by the act of 1917 (Acts 1917 p.

154), the Industrial Board has certified to this court certain questions of law, based upon the facts presented by a proceedings pending before that body, seeking the opinion of this court for guidance in determining such proceeding. From the statement of facts submitted it appears that on and prior to January 23, 1917, one Samuel C. Ale, who was a resident of Fairmount, Indiana, was in the employment of the National Drain Tile Company as a laborer at an average weekly wage of $17.75; that on said date, while engaged in the discharge of the duties of his employment, he received a personal injury by an accident in the course of his employment; that on the evening of January 24, 1917, the said Samuel C. Ale fell in an unconscious condition at his home, and died at four o'clock on the morning of January 25, 1917, leaving surviving him his wife, Luna Ale, and three children under the age of eighteen years, with whom he was living at Fairmount, Indiana, and who were wholly dependent upon him; that the employer had actual knowledge of the accident to the said Samuel C. Ale at the time it occurred; that the said widow and children served notice of his death upon said employers on February 3, 1917, in which they allege that his death was due to said accident of January 23, 1917; that afterward said widow and children filed with the Industrial Board of Indiana their compensation claim against the employer, claiming compensation for 300 weeks, based on an average weekly wage of $17.75, on account of the death of the said Samuel C. Ale; that said claim was heard by a single member of the Industrial Board at the courthouse in Anderson, Madison county, Indiana; that at said hearing the plaintiffs appeared in person and by Charles T. Parker, their attorney, and the defend-

ant appeared by Thomas P. Harvey, its attorney; that at the time of said hearing his widow and children and their said attorney were residents of Fairmount, Indiana, (which this court judicially knows is about sixty miles  from the city of Indianapolis, where such board maintains its offices and keeps its records); that said Fairmount, Indiana, was also their post office address at said time; that the member of such board who heard said claim informed claimants that when an award was made in said matter, they would be notified by the transmission of a copy thereof through the United States mails; that immediately after making said award said board, through its secretary, undertook to send a copy thereof to the attorney of said claimants, but by the mistake of a stenographer in its service, in directing the same to said attorney at Clermont, Indiana, instead of Fairmount, Indiana, a copy of the award did not reach claimants or their attorney, until the twelfth day after the making of such award, when it was received by their said attorney by United States mail at his said post office address at Fairmount, Indiana; that neither the claimants nor their said attorney had any notice or information of any kind of the making of such award, until said twelfth day thereafter; and that on the fourth day after receiving such notice and information as aforesaid, claimants filed with such board their application for review, setting up in detail therein the facts hereinbefore stated, as an excuse for not filing the same within the seven-day period provided for such purpose.

Upon the foregoing facts the Industrial Board submits the following questions: "(1) Does the full Industrial Board of Indiana have the right to hear

the claim of said widow and children, upon review, inasmuch as the application therefor was filed within seven days after said widow and children and their attorney received their first knowledge and notice that an award had been made on said claim on the 4th day of April, 1917, and on the fourth day after they received a copy of said award? (2) Does the mistake of a clerical employe of the Industrial Board of Indiana in directing a copy of an award to an improper post office, whereby the claimant was deprived of knowledge, notice and information that an award has been made until after the expiration of seven days, deprive said claimant of the right to a review before the full Industrial Board?"

As affecting the questions submitted the Workmen's Compensation Act provides as follows:

"Sec. 54. The board shall be provided with adequate offices in the capitol or some other suitable building in the city of Indianapolis, in which the records shall be kept and its official business be transacted during regular business hours," etc. Acts 1915 p. 392.

"Sec. 59. The board, by any or all of its members, shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute." Acts 1917 p. 154.

"Sec. 60. If an application for review is made to the board within seven days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, * * * and shall make an award * * * and send a copy

thereof to each of the parties in dispute, in like manner as specified in the foregoing section." Acts 1917 p. 154.

"Sec. 61. An award of the board by less than all of the members, as provided in section 59, if not reviewed as provided in section 60, shall be final and conclusive, * * * but either party to the dispute may, within thirty days from the date of such award, appeal to the appellate court," etc. Acts 1917 p. 154.

It is apparent that the provisions in said §§59 and 60, with reference to sending copies of awards to the parties in dispute, were intended to apply to
1. all claims heard by the Industrial Board, whether compensation was awarded or denied, as in the case submitted. It will be observed that said sections make it the imperative duty of the board to send such copies to each of the parties in dispute, immediately on making an award, both on the primary hearing and hearing on review. We cannot treat such requirements as idle provisions, but must assume that they were inserted in the act for some good purpose. Such purpose becomes manifest when we consider that the Industrial Board is not a court, where attorneys are expected to attend during fixed session to give attention to their business, but is an administrative body, with jurisdiction coextensive with the limits of the state; that it is required to maintain its offices in the city of Indianapolis, where its records are kept and its official business transacted during regular business hours, as provided in said §54; that many of the interested parties and their attorneys live in parts of the state, remote from its offices and official records, and that, by reason of such fact, a practical discharge of the duties entrusted to the board will often make it

necessary to enter awards in their absence. It is evident that the provisions under consideration were inserted to meet the inconvenience that would otherwise exist, and to afford the interested parties ample opportunities to protect their rights, including those of review and appeal.

In view of the provisions of the statute quoted, it is apparent that the facts stated and the questions submitted involve the power of the Industrial Board to relieve a party in dispute before it, from a strict compliance with a statute in the prosecution of a right, where such noncompliance was the result of a failure on the part of the board to discharge a duty imposed by law. It is a rule of general application that, where a party in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right, wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto, the law will protect him. *Cincinnati Traction Co.* v. *Ruthman* (1911), 85 Ohio St. 62, 96 N. E. 1019, 26 Ann. Cas. 911; *Lytle* v. *Arkansas* (1850), 9 How. 314, 13 L. Ed. 153. Again it is a maxim of the law that "an act of the court shall prejudice no one," and while the Industrial Board is not a court, still it is an administrative body with at least quasi-judicial powers, and the underlying principle embodied in such maxim is applicable. The extent to which such principle has been carried for the protection of the rights of litigants without fault is disclosed in the following cases: *Mitchell* v. *Overman* (1880), 103 U. S. 62, 26 L. Ed. 369; *Borer* v. *Chapman* (1886), 119 U. S. 587, 7 Sup. Ct. 342, 30 L. Ed. 532.

The rule and principle above stated have been

impliedly recognized in this state as illustrated by the following decisions: The failure of county commissioners to perform their duties should not work to the prejudice of petitioners before them. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 22 N. E. 416; *Kramer* v. *Fishback* (1913), 180 Ind. 178, 102 N. E. 831. An exception taken at the first opportunity is in time, notwithstanding the provision of the statute that a party objecting to a decision must except at the time the decision is made. *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Lewis* v. *Nielson* (1911), 176 Ind. 414, 96 N. E. 145; *Johnson* v. *First Nat. Bank, etc.* (1917), 65 Ind. App. 629, 117 N. E. 676. Where a party has done all in his power to perfect an appeal within the time provided by statute, but has failed by reason of the mistakes and inadvertance of the clerk, relief will be granted. *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 32 N. E. 885.

Public officers are presumed to do their duty and, by reason of such fact, claimants were fully excused from inquiring as to the making of such 4. award, and were fully justified in relying on a compliance by the Industrial Board with reference to sending them a copy of such award, as provided by said §59, and as promised by the member of the board hearing their said claim. They were not at fault in failing to learn of the making of such award in time to file their application within the seven-day period, as such omission was due to the failure of the board to discharge a duty, caused by the mistake of a stenographer in its service to whom certain details connected therewith were entrusted. The facts show that they made their application for review within a reasonable time after receiving

notice of the award. Applying the rule and principle above stated to the given facts, we are clearly of the opinion that the Industrial Board has the power, and it is its duty to protect the complaining parties in their right to have said award reviewed, notwithstanding the application therefor was not filed within the said seven-day period.

The first interrogatory submitted is therefore answered in the affirmative, and the second in the negative.

NOTE.—Reported in 117 N. E. 938.