JEFFERSON HOTEL COMPANY *v.* YOUNG.

[No. 10,364. Filed December 10, 1918. Rehearing denied March 6, 1919. Petition to transfer dismissed May 9, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Notice of Award.*—Under §§59, 60 of the Workmen's Compensation Act (§§8020q2, 8020r2 Burns' Supp. 1918, Acts 1917 p. 154) the Industrial Board is not required to "serve" notice of an award on the parties, and any means ordinarily employed in sending papers, including transmission by mail, express or messenger, is sufficient to meet the requirements of the act. p. 178.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Time for Filing Application.—Failure to Receive Notice of Award.*—Where the Industrial Board mailed a copy of an award to an employer, but the copy was never received, such failure, in the absence of a showing that it was chargeable to any omission of duty on the part of the board, would not excuse the employer from complying with §60 of the Workmen's Compensation Act (§8020r2 Burns' Supp. 1918, Acts 1917 p. 154), requiring that an application for a review of an award must be made within seven days from the date thereof. p. 178.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Time for Filing Application.*—Under §§59, 60 of the Workmen's Compensation Act (§§8020q2, 8020r2 Burns' Supp. 1918, Acts 1917 p. 154), a party desiring a review of an award by the full board must make application therefor within seven days from the date of the award, regardless of when he receives a copy of the award which the act provides shall be sent to him. p. 178.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Waiver of Statute by Applicant.*—Although the Industrial Board retains jurisdiction over the subject-matter of an

Jefferson Hotel Co. *v.* Young—170 Ind. App. 172.

applicant's claim for certain purposes after an award, it has no jurisdiction to review the same without compliance with §60 of the Workmen's Compensation Act (§8020r2 Burns' Supp. 1918, Acts 1917 p. 154), requiring an application for review of an award to be made within seven days of the date thereof, and an applicant for compensation cannot waive such compliance and confer jurisdiction by consent. p. 180.

5. JUDGMENT.—*Relief From.—Statute.—Scope and Applicability.*— Section 405 Burns 1914, §396 R. S. 1881, providing that parties may be relieved from judgments taken against them through mistake, inadvertence, surprise, or excusable neglect, does not apply to special proceedings, unless made applicable thereto by the statute authorizing such proceeding. p. 180.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.*—Even though §405 Burns 1914, §396 R. S. 1881, applied to proceedings under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), it would not authorize the Industrial Board to extend the time for filing an application for review of an award beyond the period definitely fixed by §60 of the act. p. 181.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Diligence.*—Even if the Industrial Board possessed discretionary power to hear and determine an application for review of an award after the expiration of the seven-day period provided in §60 of the Workmen's Compensation Act (§8020r2 Burns' Supp. 1918, Acts 1917 p. 154), the fact that the board's secretary informed the employer that a review could not be had would not justify a delay of three weeks in fixing an application for a review. p. 181.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Harvey Young against the Jefferson Hotel Company. From an order of the Industrial Board dismissing its application for a review of an award for applicant, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens,* for appellant.

*Seebirt & Schurtz,* for appellee.

BATMAN, J.—On August 20, 1917, appellee filed his application before the Industrial Board for an adjustment of his claim against appellant for compensation under the Workmen's Compensation Act. A hearing thereon was had on September 13, 1917, at South Bend, Indiana, before a single member of the board, and at which appellant appeared by attorneys. Thereafter on February 27, 1918, said member of the board rendered an award in favor of appellee. On April 3, 1918, appellant filed its application for a review of said award before the full board, alleging that it was not sustained by the evidence, and was contrary to law, and that neither it nor its insurer had received a copy thereof as required by law. On April 27 and June 21, 1918, additional evidence was heard on said application, and thereafter on June 28, 1918, the full board made a finding of facts, and entered an order dismissing said application. The finding of facts is long, but the portions thereof material to a determination of the questions presented on appeal are substantially as follows: That on February 27, 1918, the date of said award, the Industrial Board, by its secretary, transmitted, by United States mail, to Wilkerson, Cassels and Potter of Chicago, Illinois, the attorneys for the Ocean Accident and Guarantee Corporation, Limited, a copy of said award, which was not received by said attorneys; that, at the time of appellee's alleged injury, said corporation was the compensation insurance carrier of appellant; that no copy of said award was transmitted by said board to appellant; that said corporation, as the compensation insurance carrier of appellant, on April 3, 1918, filed in the name of appellant an application for a review before the full board; that in the matter of appellee's claim the

said corporation, as the compensation insurance car-rier, assumed to act for and instead of appellant; that some time prior to March 27, 1918, appellee, by and through his attorneys, notified appellant of the award rendered on February 27, 1918, and demanded payment thereof; that prior to September 13, 1917, on said date, and ever since, said corporation has maintained an office in the city of Chicago, Illinois, from and through which it handles its compensation claims at South Bend, Indiana, the place where said claim was heard before a single member of the board, prior to making the award; that on March 7, 1918, the said corporation received at its office in Chicago, Illinois, a letter from appellee's attorneys apprising it of the award made on February 27, 1918; that on said date said corporation, through its employes in said office, by and through said letter, became ap-prised of the fact that said award had been made on February 27, 1918; that said letter was submitted, and the contents thereof made known, to the manager of said corporation in charge of said office on March 11, 1918; that on said date said manager wrote to the office of said corporation at the city of Indianapolis, Indiana, directing said office to make inquiry at the office of said board, as to whether or not said award had been made; that said letter was received by the office of said corporation in Indianapolis, Indiana, on March 12, 1918; that on said date an employe of said corporation in said city made inquiry of the secre-tary of said board as to whether or not said award had been made, and was informed by him that said award had been made on February 27, 1918; that said information was on said date transmitted by letter to the manager of the Chicago office of said

corporation, and was by said manager received on March 13, 1918; that on March 29, 1918, said board received a letter from appellee's attorneys, in which they stated that they would waive objection that an application for a review before the full board was not filed within seven days; that the contents of said letter were communicated to said corporation by a letter from said board on March 30, 1918, which was received by said corporation at Chicago, Illinois, on April 2, 1918. Based on said finding, the board entered an order dismissing appellant's application for a review of the award. From this order appellant has appealed, and submits the action of the board in dismissing its application for review as the sole error on which it relies for reversal.

The Workmen's Compensation Act makes the following provision pertinent to a determination of the question presented by this appeal:

Sec. 59. "The board, by any or all of its members, shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute." Acts 1917 p. 154, §8020q2 Burns' Supp. 1918.

Sec. 60. "If an application for review is made to the board within seven days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file same, with a finding of the facts on which it is based, and the rulings of law by

the full board, if any, and send a copy thereof to each of the parties in dispute, in like manner as specified in the foregoing section.'' Acts 1917 p. 154, *supra.*

It will be observed that appellant did not file its application for a review of the award within the seven-day period provided in said §60. Appellee contends that the right to review an award is statutory, and can only be had by a strict compliance with the statute providing for the same, as without such compliance the board has no jurisdiction over the subject-matter. As opposed to this contention appellant asserts that the board has discretionary power, when a proper showing is made, to ignore the seven-day period provided in said §60; that the facts of this case called for the exercise of such discretion in its favor, and the failure of the board to do so was error. In support of this contention it cites the opinion of this court in the matter of *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938. That opinion, however, does not sustain appellant's contention, as it only goes to the extent of holding that the right of a party to have an award reviewed should not be prejudiced by the failure of the board to discharge a statutory duty. In reaching this conclusion, the court followed the general rule that, where a party, in the prosecution of a right, does everything which the law requires him to do, and he fails to attain his right wholly by the neglect or misconduct of an officer charged with a public duty with reference thereto, the law will protect him. It also recognized the principle involved in the maxim of the law that ''an act of the court shall prejudice no one,'' and applied it to the Industrial Board, which, although an administrative body, has at least quasi-judicial powers. The effect of the ruling in the

opinion cited is not to break down the provision of the statute limiting the time in which an appeal may be taken, but to exclude from its operation such time as may have been lost solely by the failure of the board to discharge a required duty. In this case the finding of facts shows that, on the date the award was made, a copy of the same was transmitted by the secretary of the board to Wilkerson, Cassels and Potter of Chicago, Illinois, the attorneys for appellant's compensation insurance carrier, who were evidently the same attorneys that appeared for appellant at the hearing before the single member of the board at South Bend, as disclosed by the record. The statute does

1. not require that such copy shall be *served* on the parties, nor does it specify the manner in which it shall be transmitted to them. It merely provides in said §59 that "a copy thereof shall immediately be *sent* to each of the parties in dispute." In the absence of any provision in that regard, we may assume that the legislature intended that the board might discharge such duty by the use of any means ordinarily employed in sending papers, which would include transmission by mail, express, or mes-

2. senger. In the instant case the United States mail was used for such purpose, but the copy so sent was not received. This failure, however, is not shown to be chargeable to any omission of duty on the part of the board, and hence does not fall within the ruling made in the matter of *In re Ale, supra.*

But the appellant contends that said §59 and §60 should be so construed as to require a party who has actually received a copy of the award, trans-

3. mitted as provided in the former section, to file his application for a review thereof within the

seven-day period provided in the latter section; but as to a party who has not received a copy of the award, and has no knowledge that one has been made, it is only necessary that he use diligence to secure a review of the same after he obtains knowledge thereof. We cannot concur in this contention. To do so would require that we hold that the seven-day period in which a party may file an application for a review shall run from the time of receiving notice that an award had been made, rather than from the date of the award as the statute expressly provides. A party to a proceeding before the board is entitled to know with reasonable certainty when a hearing on an application becomes final and an award thereon becomes effective. This could not be under appellant's contention, as long as the statute only requires the board to send a copy of the award to the parties in dispute. If the construction of the statute for which appellant contends was adopted, a party would always stand in danger of having the status of a claim unsettled, after the lapse of the statutory seven-day period for review, by the opposing party appearing before the board and asserting that it did not receive a copy of the award which the board was required to send, and did not know that one had been made, and claiming the right to have the award reviewed. It would open the way for fraud and dishonest practice against which diligence would not afford protection. If it had been the intention of the legislature that the seven-day period for filing an application for review should begin to run against a party from the time of notice that an award had been made, rather than from the date thereof as the statute expressly provides, it is reasonable to presume that some appropriate lan-

guage would have been used indicating such fact, and that some method would have been provided by which the beginning of said seven-day period could be definitely ascertained. In the absence of such language and such a provision, we are constrained to hold that the legislature did not so intend. The reasons on which appellant bases his contention would be appropriate and possibly effective in support of a proposed amendment of the statute in that regard, but do not furnish grounds for reaching the same result through judicial construction.

Appellant further contends that the consent of appellee to a review of the award, after the lapse of the seven-day period, gave the board jurisdiction

4.    to hear and determine appellant's application therefor. While the Industrial Board retained jurisdiction over the subject-matter of appellee's claim for certain purposes after the award, it had no jurisdiction to review the same without a compliance with said §60. Appellee could not waive such compliance and confer jurisdiction by consent. *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628.

Appellant also contends that §405 Burns 1914, §396 R. S. 1881, authorizes the board to grant a review of the award under the facts of this case. That

5.    section relates to civil procedure in courts of this state, and it appears not to be applicable to special proceedings, unless made so by the statute authorizing the same. *Hays* v. *Tippy* (1883), 91 Ind. 102; *Dukes* v. *Working* (1884), 93 Ind. 501; *Shaum* v. *Harrington* (1910), 173 Ind. 610, 91 N. E. 226; *Amacher* v. *Johnson* (1910), 174 Ind. 249, 91 N. E. 928. It has been held that the rules of procedure prescribed

in the Civil Code are not available in matters before the Industrial Board. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Union Sanitary Mfg. Co.* v. *Davis* (1917), 63 Ind. App. 548, 114 N. E. 872. In any event the application of said statute could not have the effect of authorizing the board to extend the time for filing an application for review beyond the period definitely fixed by the act providing for the same.

We may add, however, that, if appellant was correct in its contention that the Industrial Board possessed discretionary power to hear and determine an application for review after the expiration of the seven-day period provided in said §60, it would not be entitled to prevail on this appeal, either on the evidence adduced at the hearing, or the facts found by the board. There are no facts found that show proper diligence to secure a review of the award after notice thereof, and no evidence which would justify such a finding. Appellant gives some stress to the fact that the evidence shows that the secretary of the board informed the stenographer of the claim agent of appellant's compensation insurance carrier, when she called on him with reference to a review of the award, that it could not be had as the time had expired. But this fact would not justify a further delay of three times the statutory period of seven days provided in said §60, if it desired to offer and press an excuse for a prior delay in filing its application for review.

The record fails to disclose any available error, and the order of the Industrial Board, dismissing appellant's application for review, is therefore affirmed.