LAYNE ET AL. *v.* HOOVER ET AL.

[No. 12,032.  Filed April 2, 1926.  Rehearing denied June 9, 1926.  Transfer denied December 9, 1926.]

1. CONSTITUTIONAL LAW.—Article 1, §20 of the Constitution (§72 Burns 1926, §65 Burns 1914), providing that the right of trial by jury shall remain inviolate, has reference only to actions triable by jury at common law.  p. 401.

2. HIGHWAYS.—*Trial by jury cannot be demanded on appeal from decision of board of commissioners in highway proceeding.* —Under the present general statute for the improvement of highways by taxation (§§8380-8407 Burns 1926, §§7711-7733 Burns 1914), a trial by jury cannot be demanded on appeal from a decision of the board of commissioners in a highway matter.  p. 401.

3. HIGHWAYS.—*Effect of auditor's failure to make out and file transcript of proceedings, on appeal from county commissioners.*—On appeal from a decision of the board of commissioners in a highway proceeding, the failure of the county auditor to make out and file with the clerk of the circuit court a transcript of the proceedings will not deprive the appellants of their rights nor oust the circuit court of jurisdiction; either party may, on motion, require it to be filed.  p. 402.

4. HIGHWAYS.—*Exception to board's ruling and prayer for appeal not required in appeal to circuit court.*—An appeal from a decision of the county commissioners in a highway proceeding should not be dismissed because no exception was taken to the action of the board and no appeal was then prayed (*Renicker* v. *Davis,* 171 Ind. 364, distinguished).  p. 403.

5. HIGHWAYS.—*Auditor issuing warrant in payment for highway improvement after taxpayers have filed objections to acceptance does not deprive objectors of the right to appeal.*—Although the county commissioners accepted a highway improvement notwithstanding taxpayers opposed the acceptance thereof under §8407 Burns 1926, §7733 Burns 1914, the county auditor acted at his peril in issuing a warrant to the contractors in full pay-

ment of the balance due them for making the improvement, though no exception to the board's action was taken and no prayer for appeal was made or notice given thereof, as the statute gives the right to appeal within thirty days.  p. 403.

From Miami Circuit Court; *Albert Ward*, Judge.

Proceeding for the improvement of a highway under the "three-mile gravel road law," in which Everly E. Hoover and others filed objections to the acceptance of the work.  From a judgment for the objectors on appeal to the circuit court from the county commissioners, William M. E. Layne and others, the contractors, appeal.  *Reversed*.  By the court in banc.

*Rhodes & Rhodes* and *Charles C. Campbell*, for appellants.

*Arthur Metzler, Tillett & Lawrence* and *P. M. Buchanan*, for appellees.

ENLOE, P. J.—The appellants, under a contract entered into with the board of commissioners of Fulton county, Indiana, undertook to build according to profile, plans and specifications what is designated in this record as the "Everly E. Hoover, et al. Free Gravel Road." The proceedings for the construction of said road were under the three-mile gravel road law.  In August, 1920, claiming that the road had been duly completed, they filed with the county auditor their claim for the balance remaining unpaid of the contract price for said road. They also at said time filed the certificates of the engineer and superintendent of said construction work, as required by law.  Within the time allowed by law, the appellees filed with the auditor of said county their verified objections to the acceptance, by the said board, of said road as having been duly completed, particularly specifying wherein, as they alleged, said road had not been constructed according to the profile, plans and specifications therefor.

The board heard the evidence upon the matters in

issue and, in May, 1921, made and entered of record its finding that "said improvement has been completed according to the plans, profile, specifications and contract," and the said board then made and entered of record the following order: "It is therefore ordered and adjudged by the board that the said Everly E. Hoover et al. Free Gravel Road has been completed according to the plans, profile, specifications and contract, and the said road is now received from the contractors by the board and accepted as a part of the free gravel road system of Fulton county, Indiana, and the auditor is hereby ordered to make final settlement in full with said contractors for said construction and this matter is finally settled."

Within thirty days thereafter, the said remonstrators filed with the auditor of Fulton county their appeal bond, appealing said matter to the Fulton Circuit Court, from which, by change of venue, the cause was sent to the Miami Circuit Court for trial.

Over the objection of appellants, the matter was submitted to a jury for trial and resulted in a verdict favorable to said remonstrators, and upon which judgment was rendered. Appellants' motion for a new trial having been overruled, this appeal followed. Numerous errors have been assigned but, in our view, a consideration of each and all of them will not be necessary.

Did the trial court err in submitting this cause, over the objection of appellants, to a jury for trial?

The appellees cite and seem to rely upon §§65, 418, 7733 Burns 1914, §§72, 437, 8607 Burns 1926). The first of the above noted sections is the provision 1, 2. of our Constitution, and it has been expressly held that this provision has reference only to such actions as were, at common law, triable by a jury. *Allen* v. *Anderson* (1877), 57 Ind. 388; *Wright, Admx.,*

v. *Fultz* (1894), 138 Ind. 594; *Vandalia Coal Co.* v. *Lawson* (1909), 43 Ind. App. 226.   The case at bar is not to be classed as a common-law action, but is a special proceeding, and one which is maintainable only because the statute has authorized it.   Both §§8407, 8607 Burns 1926, §§7733, 7793 Burns 1914, authorize an appeal from the action of the board of commissioners in cases like the instant one, but in neither of said sections is there any provision for a trial of the matters in issue by a jury.   Under a former statute (Acts 1885 p. 74) there was a provision that the matters in issue in cases like the instant one might be tried by the court or by a jury, but we find no such provision in the present law.   Also, we find in our present law a provision that "the court may make final determination of the cause so appealed, or may refer the case back to the board or boards, with directions how to proceed."   The foregoing provision is, to our minds, clearly inconsistent with the idea of a jury trial, and we find no provision in the law which would warrant such submission.   We, therefore, hold that the trial court erred in submitting the matters in issue, over the objection of appellants, to a jury for their determination.

It is next urged that the court erred in overruling the motion of appellants to dismiss the appeal because no transcript of the proceedings had before the board of county commissioners had been filed by the auditor with the clerk of the circuit court. 3. In this ruling, there was no error.   The appellees had perfected their appeal by filing their bond in due season with the county auditor with surety to his approval. It then became the duty of the auditor to make out and certify to a transcript of the proceedings and to file the same with the clerk of the circuit court, and also, to deliver to such clerk all papers and documents belonging to said cause.   If the auditor failed to promptly

do his duty in this matter, such failure did not deprive such appellants of their rights, or oust the court to which the appeal had been taken of its jurisdiction. *Board, etc.*, v. *Loeb* (1879), 68 Ind. 29; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494. If the papers were not promptly filed, either party had a right to require them to be filed, by motion for that purpose. *Strebin* v. *Lavengood, supra.*

The appellants contend that the appeal should have been dismissed because no exception was taken to the action of the board of commissioners in accepting said road, and also, no appeal was then prayed. They cite the case of *Renicker* v. *Davis* (1908), 171 Ind. 134, 85 N. E. 964, as supporting them in this contention. The case cited was a drainage case and the statute governing appeals in such cases provided that any party feeling aggrieved might appeal "by praying for such appeal at the time of the decision" and by filing bond within thirty days thereafter. We have no such provision in our statute governing appeals in matters concerning highways, and we, therefore, conclude that the trial court did not err in this ruling.

The appellants also filed an answer in estoppel. In this answer, they alleged that at the time the board of commissioners made its order accepting the highway as duly completed, no exception to such action was taken by appellees, no prayer for any appeal was made or asked, and no notice of any kind was given to appellants, to the board of commissioners, or to the county auditor that any appeal from said order was contemplated or would be taken; that no such notice being given, the auditor drew his warrant, payable to the appellants, and delivered the same to them, in full payment of the balance due them for building said road, and that they had received the balance of money due them for constructing said road. To this answer

the appellees demurred and their demurrer was sustained. In this there was no error. The appellees' right to appeal was given to them by statute, and, under this statute, they had thirty days within which to file their appeal bond, and, within this time, the auditor, as to the drawing of any warrant in favor of appellants in payment for work done on said road, acted at his peril. He could not, by his conduct, deprive the appellees of any statutory right.

Other alleged errors are presented but what we have hereinbefore said renders the consideration of them in detail unnecessary. For the error noted, this cause is reversed, with directions to the trial court to sustain appellants' motion for a new trial, and for further proceedings.