FEIOCK ET AL. *v.* DAVIS ET AL.

[No. 15,490. Filed October 15, 1935.]

*Forrest P. Jones*, for appellants.

*Wm. B. Boston, Frank S. Houston, White, Wright & Boleman,* and *William E. Hart,* for appellees.

WOOD, J.—On October 17, 1934, the appellees Davis filed with the Industrial Board an application for adjustment of compensation as the surviving dependents of one Millard Davis, against their co-appellee Myers, and the appellants, because of the death of said Mil-

lard Davis as the result of an accident arising out of and in the course of his employment by the appellee Myers and the appellants. A hearing was had upon this application before a single member of the Industrial Board at Corydon, Indiana, on January 23, 1935. On January 30, 1935, the hearing member made a finding on which he entered an award ordering the payment of compensation to the appellees Davis against the appellants only. This order was entered of record on January 31, 1935. On January 30, 1935, notice of this award was forwarded to the respective parties to the proceedings through the United States mail. A copy of this notice was received by the appellants on or about February 1, 1935.

On February 21, 1935, the appellants caused a petition to be filed with the Industrial Board asking that they be permitted to file an application for review by the full board of the award made by the single member. This petition was supported by an affidavit in which it was alleged in substance, that the first notice or information of the award made by the single member of the board was received by the attorney for appellants on February 19, 1935, more than seven days from the date of the making of the award by said single member, that because of the failure of the full Industrial Board to notify the attorney for appellants, of the entering of said award on January 31, 1935, said attorney could not make his application for a review by the full board of the award made by the single member within seven days from the date on which the award was thus made and entered.

On March 9, 1935, the appellee Myers filed a motion with the full Industrial Board praying that the full Industrial Board deny the petition of appellants for review of the award of the single member of the board by the full board because said application was not filed

within the period of time provided by law, and the rules of the Industrial Board.

On a hearing had before the full Industrial Board on the application for permission to review the award filed by the appellants and the motion of the appellee Myers in opposition thereto the full board made and entered the following order:

"The full Industrial Board of Indiana having under consideration the application of Defendants Feiock and Cave for review of an award entered of record by a hearing member of said Board on the 31st day of January, 1935, and having reviewed the affidavits in support thereof, and having further reviewed the motion of the defendant Ralph Myers to deny defendants' Feiock & Cave, application, and being thereby duly advised in the premises, now finds that said defendant's, Ralph Myers, motion to deny defendants', Feiock & Cave, application for a review should be sustained; that said defendants, Feiock & Cave, should be denied the right of review by the full Board of the award entered of record by a hearing member of said Board on said 31st day of January, 1935, and it is so ordered."

This order was made upon a finding of facts, the substance of which are above set out.

Appellants have appealed from this order of the Industrial Board.

Section 59, Acts 1929, p. 537, section 40-1510, Burns 1933, section 16435, Baldwin's Ind. St. 1934, provides that:

"The board by any or all its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute."

and that portion of Section 60, Acts 1929, p. 537, Section 40-1511, Burns 1933, Section 16436, Baldwin's Ind. St. 1934, applicable here, provides that:

"If an application for review is made to the board within seven (7) days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence. . . ."

It is quite apparent from the affidavits filed by the appellants in support of their petition for leave to file an application for review by the full board, of the award of the single member, that they seek to bring themselves within the rule announced by this court in the case of *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938, and *Western Union, etc., ·Co.* v. *Owens* (1925), 82 Ind. App. 474, 146 N. E. 427. In those two cases neither the parties to the proceedings or their attorneys who sought permission to have the award reviewed received notice of the award from the Industrial Board until after the seven-day period had elapsed. In the instant case the board found and the evidence which is undisputed supports the finding, that upon the same day that the award was ·made the Industrial Board sent a notice thereof to the appellants which was received by them on or about· February 1, 1935.

The evidence upon which the board ·made its finding on which it denied the petition of appellants to file an application to review is undisputed, that after appellants received notice of the award they failed to transmit the same or the contents thereof to their attorneys.

In other words the board had not failed in the performance of any of the duties imposed upon it by law, so there was no valid excuse offered for the failure of appellants to present their application for a review of the award made by the single member of the board within seven days from the date thereof, other than their own oversight and negligence.

In the case of *Jefferson Hotel Co.* v. *Young* (1919), 70 Ind. App. 172, 121 N. E. 94, where the facts and circumstances were quite analagous to those presented

by the record in the instant case, this court refused to reverse the action of the Industrial Board in denying permission to the appellant to file an application for review by the full board more than seven days from the date of the entering of the award by the single member. We approve the rule announced in that case and think it is controlling in this case. See also *Wright* v. *Weil Bros.* (1921), 75 Ind. App. 497, 130 N. E. 878.

The record fails to disclose any available error, and the order of the full Industrial Board denying the appellant the right of review of the award of a single member of the Board by the full Industrial Board is affirmed.