GOULD MOTOR COMPANY *v.* VIERRA.
[No. 19,209. Filed March 26, 1959.]

411

*Lawrence E. Carlson* and *C. W. H. Bangs,* of Huntington, for appellant.

*L. Hewitt Carpenter* and *James A. McKown,* both of Marion, for appellee.

BIERLY, J.—This is an action brought by the appellee, Tony Vierra, against the appellant, Gould Motor Company, before the Industrial Baord of Indiana to recover compensation under the Indiana Workmen's Compensation Act.

The appellee, Tony Vierra, filed a motion to dismiss the application of the appellant, Gould Motor Company, for a review of an award in favor of appellee. Upon the Board denying appellee's motion to dismiss the Board rendered an award in favor of the appellee. Appellant, Gould Motor Company, appealed the award. Appellee,

Tony Vierra, assigned as cross-error the action of the Board in denying his said motion to dismiss.

Appellee, Tony Vierra, filed application on February 1, 1955, against appellant, Gould Motor Company, before the Industrial Board of Indiana for compensation under the Indiana Workmen's Compensation Act. The initial hearing was before a single Hearing Member. The Hearing Member, on September 10, 1957, entered an award for the appellee. On September 27, 1957, more than seven days after said award had been entered in favor of the appellee, the appellant filed its application for the review by the Full Board of the original award granted by the Hearing Member. An alleged lack of notice of the original award was given by the appellant in justification of his application for a review after the expiration of seven days from the day of the original award and that a hearing by the Full Board was a matter of right on the part of the appellant.

Subsequently thereto, on October 21, 1957, the appellee filed his written motion to dismiss appellant's application for review alleging that the Full Board lacked jurisdiction because of the fact that the application of appellant for review was not filed within the seven-day period following the date of the award as prescribed by §40-1511, Burns' 1952 Replacement.

On May 9, 1958, the motion by appellee to dismiss the appellant's application for review was denied. The Full Board thereupon entered an award for the appellee and upon the same basis as the original award of the single Hearing Member of the Industrial Board.

Whereupon, appellant prayed a review by this court of the award of the full Industrial Board in favor of the appellee, assigning that said award is contrary to law. As before stated, appellee assigned cross-error.

Our primary consideration must be upon the appel-

lee's assignment of cross-error because if the full Industrial Board did not acquire jurisdiction of the appellant's application for a review, then said Board was without jurisdiction to enter an award and this court would be without jurisdiction to entertain this appeal for review.

The appellant, Gould Motor Company, with its Application for a Review by the Full Board of the Original Award filed as Exhibits 1, 2 and 3 the affidavits of Lawrence E. Carlson, its attorney, C. W. H. Bangs, cocounsel of the aforesaid Carlson, and A. A. Gould of the Gould Motor Company, appellant, respectively. The affidavit of Mr. Lawrence E. Carlson was to the effect that the affiant and his wife were on a tour of Europe at the time of said award and that "there *was mailed* to the undersigned the award, bearing date of September 9, 1957, and mailed to the undersigned in the City of Huntington; that *said mail was delivered to the office of this affiant,* where it remained with all other mail until this affiant's return from abroad; that this affiant . . . was unable to go to his office until September 21, 1957, at which time he found said mail; that this affiant had made no arrangements for anyone to open his mail during his absence, . . ." (Our emphasis.)

The affidavit of C. W. H. Bangs discloses, among other matters, "that this affiant had no knowledge or information that an award had been made in this cause; that he *received* no copy or notice or letter informing him of an entry of an award in said cause" until September 21, 1957. (Our emphasis.)

Likewise, the affidavit of A. A. Gould, appellant, contains among other matters this statement: "that this affiant *did not receive* a copy of an award made and entered against him in said cause; that this affiant did not know and had no information of any award being

made and entered in said cause until Monday, September 23, 1957, . . ." (Our emphasis.)

It is apparent from the affidavits filed by the appellant in support of its right to review before the Full Board of the award of the Hearing Member, that it seeks to bring itself within the rule announced by this court in the case of *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938, and *Western Union Tel. Co.* v. *Owens* (1925), 82 Ind. App. 474, 146 N. E. 427. In these two cases neither the parties to the proceedings nor their attorneys who sought permission to have the award reviewed received any notice of the award of the Industrial Board until after the seven-day period had elapsed, because in the first case above *notice had been sent to a wrong address;* and in the second case *no notice had ever been sent at all by the Industrial Board.*

The court, in the case of *In re Ale, supra,* at page 150, said:

"It is a rule of general application that, where a party in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right, *wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto,* the law will protect him." (Our emphasis.)

The court followed this rule in the case of *Western Union Tel. Co.* v. *Owens, supra.*

Appellee in the case at bar cites and relies upon *Jefferson Hotel Co.* v. *Young* (1919), 70 Ind. App. 172, 121 N. E. 94. In this case notice of the award of the single member *was sent* to the attorneys of record for appellant on the same day that the award was made, but said notice was not received by the attorneys. Since the application for review was not filed within the seven-day period this court affirmed the order of the Industrial Board in dismissing the applica-

tion for a review for appellant. The court, at page 178, said:

"The statute does not require that such copy shall be *served* on the parties, nor does it specify the manner in which it shall be transmitted to them. . . . In the instant case the United States mail was used for such purpose, but the copy so sent was not received. *This failure, however, is not shown to be chargeable to any omission of duty on the part of the board,* and hence does not fall within the ruling made in the matter of In re Ale, *supra."* (Our emphasis.)

In a later case of *Feiock* v. *Davis* (1935), 100 Ind. App. 569, 197 N. E. 715, appellants had received notice of an award by the single member on or about February 1, 1935, which was sent by the Industrial Board on January 31, 1935, the date of the award by the single member. Appellants failed to notify their attorney so an application for a review could be made within the seven-day period. This court affirmed the order of the full Industrial Board denying the appellants the right of review of the award of a single member of the Board by the full Industrial Board. The court held this case was not within the rule announced by this court in the case of *In re Ale, supra,* or in the case of *Western Union Tel. Co.* v. *Owens, supra,* inasmuch as "the board had not failed in the performance of any of the duties imposed upon it by law." Referring to the case of *Jefferson Hotel Co.* v. *Young, supra,* at page 573, the court said:

"We approve the rule announced in that case and think it is controlling in this case. See also *Wright* v. *Weil Bros.* (1921), 75 Ind. App. 497, 130 N. E. 878."

The court deems it timely at this point to quote the statutes applicable hereto. Section 40-1510, Burns' 1952 Replacement, reads as follows:

"The board by any or all of its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute."

Section 40-1511, Burns' 1952 Replacement, provides as follows:

"*If* an application for review is made to the board within seven (7) days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section." (Our emphasis.)

In a recent case of *Oberg* v. *D. O. McComb & Sons* (1957), 127 Ind. App. 278, 141 N. E. 2d 135, Judge Kelley, speaking for the court in banc, at pages 281 and 282, said:

"It is also held by our courts that the Workmen's Compensation Act is in the nature of a contract, binding alike upon the employee and employer when accepted by them or legally imposed upon them under certain prescribed conditions. *Carl Hagenbeck and Great Wallace Shows Company* v. *Leppert* (1917), 66 Ind. App. 261, 265, point 2, 266, 267, points 3 and 4, 117 N. E. 531; *Mid-Continent Petroleum Corporation* v. *Vicars et al.* (1943), 221 Ind. 387, 393, points 1-5, 47 N. E. 2d 972; *Railway Express Agency* v. *Harrington* (1949), 119 Ind. App. 593, 597, point 3, 88 N. E. 2d 175. As such contract it creates a liability where none existed before and it precludes formerly available defenses, such, for instance, an assumption of risk and contributory negligence. *It bears the mark of mutuality by providing a con-*

*dition which is attached to the right to recover and that condition is that the claim should be filed within the time stipulated.* Thus it seems that the time limitation provided in the act has not been regarded as a statute of limitation but as a *condition precedent* affecting the right of one of the parties to enforcement of the contract. *Railway Express Agency* v. *Harrington, supra."* (Our emphasis.)

In the above case, the court, in affirming the dismissal by the Industrial Board of the appellant's application for review on the grounds that it was not filed within one year of appellant's disablement, said that "the end result of the limitation provisions of both the Workmen's Compensation Act and the Occupational Diseases Act are the same, namely: that the *right to maintain an action* for compensation is conditioned upon its exercise within the precedent statutory contractual time limitation provisions, and *perishes with the failure to properly assert a claim within the time prescribed."* (Our emphasis.)

In the case of *Winston* v. *McCormick* (1848), 1 Ind. 56, and since that time, it has been generally held that the general statutes in limitation of actions are *remedial only* and do not affect the *substantial right* of the parties; that the statute of limitations is not part of the contract right sought to be enforced. However, as shown by the aforesaid authorities, the limitations in the Workmen's Compensation Act do constitute and form a part of the statutory contract existing between the employer and the employee. The contractual obligation of the employer to *file his application for review* before the Full Board within the specified time of seven days of the date of the award of the single member is as much an essential obligation of the contract as the obligation of the employee, for compensation, to *file his claim within the period prescribed by law.*

By §40-1510, Burns' 1952 Replacement, the statute directs that a copy of the award and proceedings "shall *immediately* be sent to each of the parties in dispute," and by §40-1511, Burns' 1952 Replacement, the statute provides that *"If* an application for review is made to the board *within seven (7) days from the date of an award,* made by less than all the members, the full board" shall entertain the application for a review of the award of the hearing member. (Our emphasis.)

In the case at bar the record does not disclose that the Industrial Board failed to send to the parties a copy of the award of the hearing member as prescribed by law, nor do the said affidavits of Lawrence E. Carlson, C. W. H. Bangs and A. A. Gould allege or show that notice of said Board of the award of the hearing member had not been properly sent by such Board. We must assume, therefore, that the Board performed its duty and sent the notice and copy of the award to the parties as required by law.

Appellant has not established of record that the Industrial Board failed to perform its function and obligation of sending copies of the award to the parties in the case at bar. It follows, therefore, that the application of the appellant for a review of the award of the hearing member was not filed within the time provided for, and thus the Industrial Board was without jurisdiction to entertain said application by the appellant for a review of the award of the hearing member.

It is beyond the province of the Industrial Board to alter or change any of the positive provisions of the statute which constitute the contract between the employer and the employee.

It is our opinion that the Industrial Board, in the case at bar, for the reasons we have noticed above, was

without jurisdiction to entertain the application by the appellant for a review of the award of the hearing member, since the same was not made within the statutory seven-day period as prescribed by law. Inasmuch as the Industrial Board was without jurisdiction to entertain the application of the appellant for the review of said award, it was without jurisdiction to enter any award thereon as a full board. The award of the hearing member became final after the expiration of the seven-day period allowed for filing an application for review by the full board and said award now remains in full force and effect.

The Full Board having improperly entertained jurisdiction of appellant's application for review, the jurisdiction of this court is likewise subject to the same infirmity, and this appeal for review must be dismissed. *Renicker* v. *Davis* (1908), 171 Ind. 134, 85 N. E. 964.

It is unnecessary to notice other questions presented by the briefs.

Appeal dismissed.

Smith, J., not participating.

NOTE.—Reported in 157 N. E. 2d 204.