## Kokomo Steel and Wire Company *v.* Irick.

[No. 11,787. Filed December 19, 1923.]

1. **Master and Servant.**—*Workmen's Compensation Act.—Accident Arising Out of and in the Course of Employment.*—There must be a causal connection between the employment and the act resulting in the injury to an employe to authorize an award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) and it is not sufficient that the employe's duties required him to go from one department of the work to the one where he was injured, but it must appear that the nature of his employment subjected him to the danger and he was thereby injured. p. 611.

2. **Master and Servant.**—*Workmen's Compensation Act.—Accident Arising Out of Employment.—"Horse-play."*—Where an employe is injured as the result of "horse-play" with another employe, which "horse-play" was so common among the employes as to justify an inference that the employer had knowledge of the fact and acquiesced therein, the injury arose out of the employment within the meaning of the Workmen's Compensation Act. p. 611.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act

by Lee Irick for compensation for injuries, opposed by the Kokomo Steel and Wire Company, defendant. From an award for claimant, the defendant appeals.

*Joseph W. Hutchinson,* for appellant.

NICHOLS, J.—Appeal from an award of the Industrial Board based on a finding that on March 2, 1923, appellee was in the employment of appellant at an average weekly wage of not less than $24; that on said day he received a personal injury by an accident arising out of and in the course of his employment, which injury resulted in the permanent loss of the entire vision of his left eye. The board, by a majority of its members, awarded compensation for 150 weeks at the rate of $13.20 per week.

The question which we have to consider is as to whether the evidence was sufficient to show that the accident arose out of and in the course of the 1, 2. employment. It appears by the evidence, which is substantially uncontradicted, that appellee had gone into the nail department of appellant's factory on an errand in the course of his employment, and while standing there, he was approached by a co-employe with whom he had theretofore engaged in frolicsome play. There was evidence of posted rules in the factory buildings forbidding such conduct, but there was also evidence of its repeated violation. There is some uncertainty as to which was the aggressor at this time, but, in an attempt to pull appellee's cap down over his face, the co-employe injured appellee's eye, which injury resulted in the loss of the sight, and of the removal, of the eye-ball. There was no quarrel between the parties. They were good friends, and the act was simply a sportive one. There must be a causal connection between appellee's employment and the act resulting in the injury or there can be no compensation under the

Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921. The fact that appellee's duties required him to go to the nail department of appellant's factory does not of itself show such connection. It must appear that the nature of his employment subjected him to the danger and he was thereby injured. *Bachman* v. *Waterman* (1918), 68 Ind. App. 580, 121 N. E. 8; *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 361, 117 N. E. 276; *Holland, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 548, 549, 116 N. E. 330.

The general rule as it is stated in the advance sheets of Workmen's Compensation Acts, a Corpus Juris Treatise, p. 79, is that—"An employe is not entitled to compensation for an injury which was the result of sportive acts of co-employes, or horse-play or skylarking, whether it is instigated by the employe or whether the employe takes no part in it." Numerous authorities are cited to sustain the rule, among which is *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324. But, in that case, an award of compensation to the injured employe was sustained for the reason that the horse-play which was perilous had become a habit of the employes and that the employers with knowledge of the facts had permitted such acts to continue. In the instant case, there is evidence that horse-play within the factory buildings of appellant was common among the employes, so much so, indeed, as to justify an inference by the court that appellant had knowledge of the fact and acquiesced therein. Such being the case, we hold that there was some evidence to sustain the finding of the Industrial Board that the injury involved arose out of the employment within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, *supra.*

The award is affirmed.