CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* CLENDENNIN.

[No. 11,885. Filed April 3, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Causal Connection Necessary.*—An accident arises out of the employment when there is a causal connection between it and the performance of some service of the employment, and a causal connection is established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employee worked and his resulting injury. p. 326.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Causal Connection.—When Established.*—A causal connection between the employment and the accident is established if, after the event, it appears to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence, although the accident may not have been con-

nected with, or had any relation to, the particular work in which the injured man was engaged at the time he was injured. p. 326.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Statute.*—If the place the employee is required to do his work is a place of danger, and he is injured while occupying such position and engaged in doing his work, the accident arose out of his employment within the meaning of §2 of the Workmen's Compensation Act (Acts 1915, p. 392, §80201 *et seq.* Burns' Supp. 1921). p. 326.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—It is a matter of common knowledge to employers of labor that men working together, or in near proximity to other workers, will indulge in moments of diversion from work to play pranks on each other, and where the duties of the employment require that an employee perform his work with or near to other workers, whether such workers are coemployees or not, the risk from accident is thereby, to some extent, at least, necessarily increased, and his increased risk is a risk of the employment. p. 326.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Statute.*—The Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) should be liberally construed in favor of the employee. p. 326.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.—Sportive Act of Another Employer's Workman.*—A railroad car inspector, while inspecting a car in the yard of a stone-mill, was injured by an employee of the mill, in a spirit of sport, throwing a stone on the car being inspected, which rolled off and struck claimant, who took no part in and had no knowledge of such prank. *Held* the accident arose out of his employment within §2 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), and that he was entitled to compensation. p. 327.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Elza A. Clendennin against the Chicago, Indianapolis and Louisville Railway Company. From an award of compensation, the defendant appeals. *Affirmed.*

*C. C. Hine* and *Alfred Evens*, for appellant.

*Miller & Blair* and *Thomas J. Sare*, for appellee.

REMY, C. J.—Appellee was employed by appellant as car inspector, and while in the performance of his duty in the inspection of a car at the Hoadley Stone Mill; an employee of the mill, in a spirit of sport, and to scare appellee, threw a stone upon the car. The stone rolled off and struck and injured appellee. The throwing of the stone was without warning to the appellee, and no such act of sport had previously been indulged in by any employee of the stone mill or by appellee.

From an award of compensation to appellee, this appeal is prosecuted.

The one question presented is, whether, under the facts above stated, and which were found by the Industrial Board, the accident which resulted in appellee's injury arose out of his employment, within the meaning of §2 of the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921). It is urged by appellant that appellee's injuries were occasioned by a sportive act of an employee of the stone mill which was in no way connected with any duty of appellee's employment, and therefore did not arise out of the employment. In support of its contention, appellant cites, *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. 324. It will be observed that the question presented in the case at bar was not involved in the case of *In re Loper, supra.* Whatever the *dictum* of the opinion in that case may be, the only question actually decided was, that where an employer, with knowledge of the facts, permits certain sportive acts to continue among his employees, the sportive acts become an element of the conditions under which the employee is required to work, rendering the employer liable for compensation.

An accident is said to arise out of the employment when there is a causal connection between it and the performance of some service of the employment; and

this court held that a causal relation is established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employee works and his resulting injury. *Empire Health, etc., Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664. While there must be some causal relation between the employment and the injury, it is not necessary that the injury should have been foreseen or expected. A causal relation is established if, after the event, it appears to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 469. Although the accident may not be connected with, or have any relation to, the particular work of the injured man at the time he received the injury, nevertheless, if in point of fact, the position in which the man was doing the work, and the place he was necessarily required to occupy under his employment obligation were a position and place of danger which caused the accident, it may fairly be said that the accident arose out of his employment. *Thom* v. *Sinclair* (1917), L. R. A. 1917C 127.

Appellee's obligation to his employer, as shown by the facts found by the board, took him to the stone-mill, where, in the performance of his duty as car inspector, he was injured through the prank or sportive act of an employee of the mill, in which prank or sportive act he took no part, and of which he had no knowledge, until after the accident happened. It is a matter of common knowledge to employers of labor that men working together, or in near proximity to other workers, will indulge in moments of diversion

from work to play pranks on each other; and where the duties of the employment require that an employee perform his work in a factory or mill with or near to other workers, whether such workers are coemployees or not, the risk from accident is thereby, to some extent at least, necessarily increased, and this increased risk is a risk of the employment. *Leonbruno* v. *Champlain Silk Mills* (1920), 229 N. Y. 470, 128 N. E. 711; *Markell* v. *Daniel Green Felt Shoe Co.* (1917), 221 N. Y. 493, 116 N. E. 1060; *Matter of Verschleiser* v. *Stern & Son* (1920), 229 N. Y. 192, 128 N. E. 126; *Willis* v. *State Industrial Commission* (1920), 78 Okla. 216, 190 Pac. 92; *Arnested* v. *McNicholas* (1923), 223 Mich. 488, 194 N. W. 514; *Pekin Cooperage Co.* v. *Industrial Board* (1917), 277 Ill. 53, 115 N. E. 128; *Socha* v. *Cudahy Packing Co.* (1921), 105 Nebr. 691, 181 N. W. 706, 13 A. L. R. 513; *Hollenbach Co.* v. *Hollenbach* (1918), 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524. See, also, *Polar Ice, etc., Co.* v. *Mulray* (1918), 67 Ind. App. 270, 119 N. E. 149; *Heidman* v. *American District Tel. Co.* (1921), 230 N. Y. 305, 130 N. E. 302. Authorities to the contrary are found in some jurisdictions, but, to follow them would be to violate the rule requiring a liberal construction of the statute in favor of the employee. Some authorities cited by appellant as supporting a contrary view, are not, in fact, in conflict with the holding of this opinion; but are cases wherein the added peril to the employee was produced by himself.

We conclude that the accident which resulted in appellee's injuries arose out of his employment within the meaning of §2 of the Workmen's Compensation Act, *supra.*

Affirmed.