## WESTERN UNION TELEGRAPH COMPANY *v.* OWENS.

[No. 12,083.   Filed February 5, 1925.]

1. MASTER AND SERVANT.—*Petition for review of award by Industrial Board proper though filed more than seven days after award by · single member.*—Where an application for compensation was heard by one member of the Industrial Board, the employer being represented by attorneys of this State, and neither they nor their client was notified of the award until after the expiration of seven days, the time specified in the Workmen's Compensation Act (Acts 1915 p. 392, §60, as amended by Acts 1917 p. 154, §8020r2 Burns' Supp. 1921) for making an application for review by the full board, an application made after that time was properly sustained. p. 476.

2. APPEAL.—*Failure of appellee to file brief amounts to a confession of error.*—The failure of the appellee to file a brief justifies the appellate tribunal in treating such failure as a confession of error, and where appellant's brief makes a *prima facie* showing of error, in reversing the judgment. p. 476.

3. MASTER AND SERVANT.—*Employers may protect themselves against liability for "horse· play" by employees by adopting rules on that subject.*—Section 8 of the Workmen's Compensation Act (Acts 1915 p. 392, as amended Acts 1919 p: 158, §8020r Burns' Supp. 1921) authorizes employers to protect themselves against liability for certain hazards of the employment, such as "horse play" among the employees, by adopting and publishing rules for the government of their employees in relation to such hazards. p. 478.

4. MASTER AND SERVANT.—*Injury to messenger boy attempting to climb fire escape while at play not compensable.*—Injury to messenger boy in playful attempt to climb fire escape on building adjoining place of employment, the lower end thereof being ten feet from the ground, *held* not compensable under the Workmen's Compensation Act, as employer was not bound to anticipate that the messenger boys which it employed would leave the premises and attempt to get on and climb such a fire escape. p. 479.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Ellis Owens against the Western Union Telegraph Company. From an award of compensation, the defendant appeals. *Reversed.*

*Clint K. Tharp* and *C. G. Gardiner,* for appellant.

ENLOE, J.—In December, 1923, the appellee, who was, at that time, seventeen years of age, was in the employ of appellant as a "messenger boy," working at and out of the city office of appellant which was located on North Third street in the city of Vincennes. On December 14, 1923, during the hours of his service for appellant, he received a personal injury by accident. On December 17, 1923, the employer made a report of said accidental injury to the Industrial Board, and therein disclaimed liability on account of said accidental injury, claiming that said accident did not arise out of the employment of said appellee; it also stated in said report that its office was 125 Broadway, New York City.

On April 3, 1924, the appellee filed his application for an award of compensation on account of his said injuries. To this application, the appellant filed an answer in denial, and thereafter, on April 30, 1924, said cause was heard by a single member of said board, and on May 8, 1924, said board, by its said member who heard the matter, made an award of compensation to said applicant. On May 19, 1924, the appellant filed its application for a review of the proceedings and award, which application was supported by affidavit and which application was by said board granted, and said cause was reviewed by the full board, which review resulted in an award of compensation by the board, by a majority of its members, from which award this appeal is prosecuted.

The appellee has moved to dismiss this appeal upon the ground, as he contends, that this court has no jurisdiction. His contention is, that as there was no application for a review by the full board of the award made by the single member, within seven days, as provided for in §60 of our compensation law, the review by the full board was unauthorized and the award by the

single member remains valid and binding upon all parties.

It appears from the record that the answer of appellant to the application for an award of compensation was prepared and filed by Messrs. Tharp and

1. Gardner, attorneys of Washington, Indiana, and that the Industrial Board was notified by letter, which accompanied said answer, that said firm of attorneys was representing appellant in resisting said application. It further appears that said firm of attorneys was present at the hearing before the single member of said board, at the city of Vincennes, and represented the appellant at such hearing; that when the award by the single member who heard said cause was made, notice thereof was not sent by the secretary of said board to the appellant at its office in New York City, nor was any notice sent to Messrs. Tharp and Gardner, its attorneys herein, at Washington, Indiana, and that said firm of attorneys had no notice or knowledge that any award had been made and filed by the said single member of said board until more than seven days had elapsed after said award had been filed. Under these circumstances, the board had authority and was fully justified in sustaining said application for a review. *In re Ale* (1917), 66 Ind. App. 144. The motion to dismiss is overruled.

The only remaining question we have to consider is: Did the accident in question arise out of appellee's employment?

The appellee has not favored us with any brief upon the merits of this case, and the appellant, in its brief, having shown *prima facie* error, we would, under

2. the authorities, be fully justified in reversing this cause as upon "error confessed," but we have, however, gone through the record and considered the case upon its merits.

Concerning the material facts involved in this case,

there is no dispute, no conflict in the evidence, and from the testimony, the following facts appear: The building used by appellant as its city office was a one story building on Third street, in Vincennes; the building had two rooms on the ground floor, a front or office room, and a rear room for storage and for use by the messenger boys; that a door in the rear of the room used by messenger boys opened into a narrow passageway, the surface of which was covered with concrete; that this way opened or led into a wider passage-way along the side of a new four story building known as "the LaPlante Building"; that the LaPlante Building was in no way connected with the building used by appellant or in any way used by appellant; that a metal fire escape had been placed by the owners of the La-Plante Building on the east side thereof, the lower end of which was about ten feet above the surface of the ground, which was covered with concrete; that an adjustable or sliding ladder was attached to the lower part of said fire escape but, that said adjustable ladder was kept up on the lower part of the permanent fire escape structure with the lower end thereof about even with the lower end of the said permanent structure; that three boys were employed by appellant as messengers, at the time in question; that on the day and just previous to the accident, they had gone out through the rear door of appellant's building into this place to play; that, while they were at play, one of their number suggested, banteringly, that they try to get upon and climb said fire escape; that one of the boys, by first getting into a window some three or four feet above the ground, managed to get onto and to climb said escape; that appellee got into said window and tried to reach the lower end of said escape but found it beyond his reach; he then, as he testified, gave "a leap" and tried to reach it, but, instead of catching hold of the perma-

nent part of said escape, caught hold of the lower part of said "ladder," which became detached and he fell to the ground and received the injuries for which he asks compensation; that this was the first time the boys had ever attempted to get upon or to climb said fire escape.

In considering the question now before us, we note that §8 of our Workmen's Compensation Act provides that: "No compensation shall be allowed for an injury or death due to the employee's * * * wilful failure or refusal to obey a reasonable written or printed rule of the employer * * *." The legislature evidently had in mind, when this law was enacted, that employers could and would protect themselves against certain dangers, hazards of the employment, by adopting rules for the government of their employees in relation to such hazards. As reasonable men, the employers should anticipate the reasonable hazards of the employment and the natural and probable conduct of the employees with reference thereto. The employer knows that men and boys when associated together will, under the natural impulse, engage in frolic, in "horse play," and that injury may result therefrom. It is within the power of the employer to prevent these things, or at least to save himself harmless from the consequences thereof, by adopting rules according to the statute, and then enforcing such rule or rules. It was upon the ground that such rules had not been adopted, as provided by statute, or if adopted, that they had not been enforced, and that such play had been permitted, that awards of compensation have been, by the courts, upheld in such cases. *In re Loper* (1917), 64 Ind. App. 571; *Kokomo, etc., Wire Co.* v. *Irick* (1923), 80 Ind. App. 610, 141 N. E. 796.

In this case, we have a fire escape on the side of a building other than that in which appellee was em-

ployed, with the lower end thereof ten feet above the surface of the ground, and the question therefore arises, putting the case in its strongest phase against appellant: Was the employer in this case reasonably bound to anticipate that the messenger boys which it employed would leave the premises of the employer, become trespassers and attempt to get upon and climb said fire escape, a matter wholly disconnected with their employment? We hold, under the facts of this case, that the employer was not bound reasonably to anticipate such conduct on the part of its said employees, that such play was in no way connected with their work, and that, under the undisputed facts in this case, the accident did not arise out of appellee's employment.

The award is therefore reversed, and this cause is remanded to the Industrial Board for further proceedings.

Remy, P. J., Thompson and McMahan, JJ., concur. Dausman, C. J., and Nichols, J., concur in result.