MAY CHEVROLET COMPANY ET AL. *v.* ARMSTRONG.

[No. 12,172.   Filed March 13, 1925.]

MASTER AND SERVANT.—*Injury held not the result of practical joking, participated in by injured employee, but was compensable under Workmen's Compensation Act.*—Where an employee of garage, whose clothing was saturated with gasoline, remarked that if someone were to throw a match on him, "he would go up in smoke," whereupon, the other employee struck a match and made motions as if to throw it at him, and then, thinking it extinguished, threw it toward the ground, but it was caught by the wind and carried against the first employee, igniting his clothing, and he was severely burned, *held* injury not the result of "sky-larking" or practical joking, participated in by injured party, but was compensable.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Thomas Armstrong against the May Chevrolet Company and others. From an award for claimant, the defendants appeal. *Affirmed.*

*R. M. Hennessy* and *Joseph W. Hutchinson,* for appellant.

ENLOE, J.—On April 21, 1924, the appellee was in the employ of appellant, May Chevrolet Company, as a mechanic, working on automobiles. On the day named, he had been at work on a car, repairing the "gas line" thereof, and had been working under said car; the gasoline was leaking from this line while he was working thereon, onto his clothing, and when he got out from under the said car, his clothing, particularly on his arms, was saturated with gasoline; he was standing near the car trying to wring some of the gasoline from his clothing, and while so doing, he remarked to two other employees who were present, one of whom was sitting in the car upon which he had been working, that if some one were to throw a match on him, he would go up in smoke. The said employee who was sitting in said car struck a match, made one or two motions as if he were going to throw it at the appellee, and then, thinking that it had "gone out," threw it towards the ground. There was some wind blowing at the time and the match was caught thereby and carried against the appellee and his clothing was set on fire and he was severely burned.

From an award of compensation to him, this appeal is prosecuted, and the only contention of appellants is, that the evidence does not show that said accident arose out of the said employment.

As to the primary facts of the case there is, as stated by appellants, no dispute, and they insist that the evidence shows, as a matter of law, that the said injury

was the result of "sky-larking," of "practical joking," participated in by the appellee, by inviting the act, and without any knowledge on the part of the employer in reference thereto, and that, therefore, there can be no award of compensation.

If we grant that the conduct of said employee which caused the injury was "sky-larking" or "practical joking," as urged by appellants, still, the proposition would involve two questions of fact, viz.:  Did the appellee *invite* said act and thereby participate therein; and second, did the employer have knowledge of such practices and acquiesce therein?

We find no evidence which, to our minds, would warrant a finding that the appellee "invited" the said act and thereby participated in said "horse play" or "practical joking."  We think that his said remark was simply a casual one commenting upon his then dangerous condition.  That a sane man, with his clothing saturated with gasoline to the extent the testimony shows the clothing of appellee to have been saturated at the time in question, would "invite" some person to throw a lighted match upon him, knowing that such an act would probably cause his death, or at least great bodily harm, seems to us preposterous.  If he did not invite it, he should not be prejudiced in the matter of receiving compensation, especially, as the evidence shows, and to our minds conclusively, that the said injury did not arise out of the so-called act of "horse play."  The evidence shows that the said match was not intentionally thrown upon, or even towards, the appellee; it shows that said match, the person who had lighted it thinking it had gone out, was cast towards the ground and that it was carried by the wind against the clothing of appellee, thereby setting it on fire.

We see no "horse play" in this act of said other employee, and the award must be, therefore, affirmed.