## CAMPBELL v. DARLING & COMPANY

[No. 669A115. Filed June 23, 1970. Rehearing denied
September 9, 1970. Transfer denied February 1, 1971.]

*Robert V. Bridwell, Paul Hirsch, Haymaker, Hirsch &
Fink*, of Indianapolis, for appellant.

*John T. Rocap, Thomas P. Ledgerwood, Rocap, Rocap,
Reese & Young*, of counsel, of Indianapolis, for appellee.

HOFFMAN, P.J.—This is an appeal from an award and order
of the Full Industrial Board of Indiana made and entered on
June 5, 1969, denying appellant's verified motion to set aside
an order of the Industrial Board. Such motion sought to
set aside the order of the Industrial Board entered on No-
vember 26, 1968, alleging a lack of notice to appellant and
appellant's attorney of various awards and orders.

The facts important to our consideration are as follows:

On December 12, 1967, the Industrial Board made an
award of workmen's compensation to appellant for an in-
jury which occurred August 11, 1965. The Board found that
appellant's condition had reached a permanent and quiescent

state and, further, that there was a 12% permanent partial impairment to the man as a whole. The compensation payments were to begin August 11, 1965, and all payments were to be brought up to date, paid in cash and in a lump sum. The last compensable week was October 5, 1966.

In January of 1968, appellant was admitted to the hospital for additional surgery necessitated by the condition covered by the original award.

On March 27, 1968, appellant, by and through his attorney, Paul Hirsch, filed a Form No. 14 application for review of award on account of a change in conditions, specifically alleging that his injury had recurred and increased since the entry of the original award. A hearing was scheduled on the Form No. 14 application for May 22, 1968.

Prior to the date set for hearing, however, appellant filed a petition to vacate award, referring to the original award of December 12, 1967, alleging that the Board "was mistaken in its finding that the condition of the plaintiff was permanent and quiescent when in fact plaintiff required surgery shortly thereafter."

The Industrial Board Hearing Member denied the petition to vacate without findings or memorandum the same day it was filed, May 1, 1968.

On May 10, 1968, appellant's attorney filed a Form 16 application for review by the Full Board of the original award, the application being addressed to the order denying his petition to vacate.

On October 8, 1968, a hearing and review was held before the Full Industrial Board.

On November 26, 1968, the Full Industrial Board entered an order dismissing appellant's Form No. 16 application by reason of his failure to file the application within seven days of the award pursuant to Acts 1929, ch. 172, § 60, p. 536, Ind. Stat. Anno., § 40-1511, Burns' 1965 Repl.

Thereafter, on December 6, 1968, appellant's attorney filed his "Verifired [Verified] Motion to Set Aside Order of the

Industrial Board" alleging specifically that at no time had he been served with notice of the Hearing Member's action of May 1, 1968; that, in fact, notice had been sent to appellant's former attorneys. Further, appellant's counsel alleged that he had never received anything from the Industrial Board personally. Relative to this point, the transcript reveals, and the facts are not in dispute, that Mr. Hirsch never filed an appearance designated as such. However, all pleadings filed from and after March 27, 1968, bore the name, address and telephone number of Mr. Hirsch as attorney for the appellant.

On May 6, 1969, a hearing was held on appellant's "Verifired [Verified] Motion to Set Aside Order of the Industrial Board", and on June 5, 1969, the Full Industrial Board entered an order summarily denying same.

Appellant's sole assignment of error is that the award of the Full Industrial Board is contrary to law.

Appellant argues that the award and order of the Industrial Board of June 5, 1969, was contrary to law for the following reasons:

1. The order failed to make a finding of facts sufficient to sustain the "award";
2. The Industrial Board failed to give notice of the order of May 1, 1968, and subsequent orders to appellant's attorney, thus, denying him the opportunity to file a timely appeal for review;
3. The petition to vacate the award was timely filed within two years from the last day for which compensation was paid under the original award, pursuant to Acts 1929, ch. 172, § 45, p. 536, as last amended by Acts 1963, ch. 387, § 13, p. 1025, Ind. Stat. Anno., § 40-1410, Burns' 1965 Repl.

With respect to point one above, the Industrial Board was under no duty to make a finding of facts since the only issue before it was one of law. The real issue presented by appellant's argument is whether the failure of the Board to serve notice on Mr. Hirsch constituted a de-

fense for the late-filed Form No. 16 application for review which was the actual subject of the order of June 5, 1969.

With respect to point two above, §§ 59 and 60 of the Workmen's Compensation Act (§ 40-1510 and § 40-1511,[1] *supra*) both provide that a copy of any award made shall be sent to each of the *parties* in the dispute. It is not disputed that Mr. Campbell, the *party-appellant* herein, received copies of all papers filed herein. Although the courtesy of sending notice to a party's attorney is a practical necessity, there was no error in the failure to notify Mr. Hirsch and, thus, there is no basis for considering the order of June 5, 1969, to be in error.

*Feiock* v. *Davis,* 100 Ind. App. 569, 197 N. E. 715 (1935).

We come finally to the issue raised in point three above. This application for judicial review arose from the award and order of the Industrial Board of June 5, 1969. As we have just held, there was no error in that order. Appellant asks us now to go behind that order and review a prior determination by the Board. This we will not do. Appellant had the right to raise this issue in the course of the administrative proceedings. The failure to file the Form No. 16 application for review within the statutory time limit justified the Board's action on June 5, 1969, and such action is the sole question presented for our consideration.

The record fails to disclose any reversible error and, therefore, the award and order of the Full Industrial Board entered on June 5, 1969, should be affirmed.

Award and order affirmed.

Pfaff and Sharp, JJ., concur.

White, J., dissents with opinion.

---

1. Section 60 of the Act was amended by Acts 1969, ch. 94, § 6, p. 202.

## DISSENTING OPINION

WHITE, J.—To be represented by counsel in the prosecution of one's claim before the Industrial Board is a right, not a courtesy to be extended or withheld as the Board sees fit. The right to counsel is a right to adequate representation. Uninformed counsel cannot give adequate representation. There may well be justification for the Board's failure to put appellant's new attorney's name on its mailing list. That should not be the question. The pertinent question is whether appellant should be denied consideration of his application for review merely because his attorney was not notified of the adverse ruling in time to file the application for review within seven days. The Board has the power to relieve a party of the penalty of dismissal for late filing when justice will thereby be served. *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938; *Western Union Tel. Co.* v. *Owens* (1925), 82 Ind. App. 474, 146 N. E. 427. The exercise of that power should not be made to turn on whether the injustice can be laid to the failure of the Board or its employees to perform their duties. I would therefore disapprove the holdings in *Feiock* v. *Davis* (1935), 100 Ind. App. 569, 197 N. E. 715 and *Gould Motor Co.* v. *Vierra* (1958), 129 Ind. App. 410, 157 N. E. 2d 204. Fairness should be the test and the Board's action here does not meet that test. It is manifestly unfair to penalize appellant because his attorney was not notified. No unfairness to appellee can be presumed from the fact that the application was two days late.[1]

It has always been my impression that one of the reasons administrative adjudication by the Industrial Board was made a part of the Workmen's Compensation Act was to provide summary proceedings and speedy decisions on the merits, thereby to avoid the harsh results so often produced by strict adherence to the technical rules of common law court pro-

---

1. The application would be timely under the 1969 amendment enlarging the filing time to twenty days. Ind. Acts 1969, ch. 94, § 6; Burns' IND. STAT. ANN. (1969 Supp.) § 40-1511.

cedure. *Homan* v. *Bellville Lumber and Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. 2d 127. I believe the Board's refusal to consider the application for review on its merits was based on reasons more in harmony with the spirit of those supposedly abolished common law technicalities than with the remedial purpose of the Workmen's Compensation Act. The Board abused its discretion and the case should be remanded to it with instructions to consider the application on its merits.

NOTE.—Reported in 259 N. E. 2d 430.

