PEPKA SPRING COMPANY, INC. *v.* PHILLIP N. JONES.

[No. 2-276A84. Filed July 27, 1978.]

*Michael V. Gooch, Harrison, Moberly & Gaston,* of Indianapolis, for appellant.

*Edward W. Bayliff, Richard L. Russell, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, *John M. Guy, Siferd, Roth, Christopher & Guy,* of Monticello, for appellee.

DISSENTING OPINION

PIVARNIK, J.—I dissent to the denial of transfer in this case.

It is uncontradicted that the plaintiff, whose grant of workmen's compensation benefits has been sustained, did throw a spring at his assailant and co-worker, shortly before that assailant threw a spring back at him, blinding plaintiff's eye. Whatever plaintiff's motives for his conduct, this conduct is clearly characterized in the law as "horseplay." *Lincoln* v. *Whirlpool Corp.,* (1972) 151 Ind. App. 190, 198, 279 N.E.2d 596, 601; *Block* v. *Fruehauf Trailer Division Fruehauf Corp.,* (1969) 146 Ind. App. 70, 252 N.E.2d 612. The question on review is thus not one of fact, as it was seen to be by the Court of Appeals in this case, but one of law. Only injuries in the course of employment can be recovered under the Indiana Workmen's Compensation Act, Ind. Code § 22-3-2-2 *et seq.* (Burns 1974). A willing participant in horseplay conduct is not acting in the course of employment. The Court of Appeals in its decision here thus avoids the clear policy

of the Workmen's Compensation Act. The conduct leading up to plaintiff's blindness is characterized as a "playful diversion," a "prank," and a "recognized human frailty." *Pepka Spring Co., Inc.* v. *Jones,* (1978) Ind. App., 371 N.E.2d 389 at 390-91. Then, the court conjectures about whether plaintiff abandoned the horseplay, concluding that "he had withdrawn from that aggression or participation." *Id.* at 91. This latest judicial gloss on "horseplay" is, simply, an act of social policy beyond the intent of our legislature.

Givan, C.J., concurs.

NOTE.—Reported at 378 N.E.2d 857.