Robert STYTLE, Appellant–Plaintiff,

v.

ANGOLA DIE CASTING CO. and DuPage Die Casting of Indiana, Appellees–Defendants.

No. 93A02–0210–EX–827.

Court of Appeals of Indiana.

Feb. 12, 2003.

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorney for Appellant.

Mark D. Ulmschneider, Steele, Ulmschneider & Malloy, Fort Wayne, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert Stytle appeals the Worker's Compensation Board's ("Board") dismissal of his application for adjustment of claim for lack of subject matter jurisdiction. Stytle raises four issues on appeal, one of which we find dispositive: whether the Board failed to enter findings of fact with sufficient specificity to permit meaningful appellate review of its decision.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Stytle was employed at Angola Die Casting Company ("Angola") from June 1984 through April 1990. Following his employment at Angola, Stytle worked as a deputy for the Town of Hamilton. At some point during his employment as a deputy, Stytle began experiencing memory loss, and at age fifty, Stytle claims he was

diagnosed with possible Alzheimer's disease. Stytle was determined to be totally disabled in April 1998. In July 2000, Stytle consulted a psychiatrist, who concluded that his exposure to aluminum during his employment at Angola "would be the primary consideration for [his] etiology" of cognitive problems.

In August 2000, Stytle filed his application for adjustment of claim against Angola. In October 2000, Stytle filed an amendment to his application to include DuPage Die Casting of Indiana ("DuPage") as a defendant, alleging that DuPage is a successor to Angola. In June 2001, Angola and DuPage filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that: (1) Stytle's claim against DuPage should be dismissed because Stytle was never employed by DuPage; (2) Stytle's claim against Angola should be dismissed because his claim is time-barred by the occurrence-based, two-year statute of limitations; and (3) even if Stytle does have a valid claim, Angola's and DuPage's insurance carrier is not responsible for any benefits awarded. Stytle filed pleadings opposing the motion to dismiss, and the Single Hearing Member entered the following order:

COMES now Defendant, by counsel, and files its Motion For Leave to File Certain Interrogatory Answers, Motion to Dismiss For Lack Of Subject Matter Jurisdiction and Memorandum Of Law In Support Of Motion To Dismiss For Lack Of Subject Matter Jurisdiction, which Motions are in the following words and figures, to-wit:

(H.I.)

COMES now Plaintiff, by counsel, and files Claimant's Response To Employer's Motion To Dismiss, which Response is in the following words and figures, to-wit:

(H.I.)

COMES now Defendant, by counsel, and files Defendant's Reply In Support [O]f Motion To Dismiss, which Motion is in the following words and figures, to-wit:

(H.I.)

COMES now Plaintiff and files Claimant's Response To Defendant's reply In Support Of Motion To Dismiss, which Response is in the following words and figures, to-wit:

(H.I.)

COMES now Plaintiff and files Brief of Claimant, which Brief is in the following words and figures, to-wit:

(H.I.)

And the Single Hearing Judge, after having examined all the pleadings filed in the above-captioned matter and the file in its entirety, and being duly advised in the premises, now grants Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction.

*ORDER*

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana, that Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction is granted, and Plaintiff's Form # 29109 Application is hereby dismissed.

Stytle sought review by the Full Board, which adopted and affirmed the Single Hearing Member's decision. This appeal ensued.

**DISCUSSION AND DECISION**

Stytle contends that because the Board did not enter findings of fact to explain its dismissal of his application, the decision does not permit intelligent appellate review. We must agree.

■ Indiana Code Section 22–3–4–7 provides:

> If an application for review is made to the board within thirty (30) days from the date of the award made by less than all the members, the full board, ... shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives, and witnesses as soon as practicable and *shall make an award and file the same with the finding of the facts on which it is based* and send a copy thereof to each of the parties in dispute, in like manner as specified in section 6 of this chapter.

(Emphasis added). "The Worker's Compensation Board's responsibility as trier of fact ... is to make findings of fact which reveal its analysis of the evidence and are specific enough to permit intelligent review of the Board's decision." *K–Mart Corp. v. Morrison,* 609 N.E.2d 17, 31 (Ind.Ct.App. 1993), *trans. denied.* As our supreme court explained in *Perez v. U.S. Steel Corp.,* 426 N.E.2d 29, 32 (Ind.1981):

> We believe that both claimant and employer have a legal right to know the evidentiary bases upon which the ultimate finding rests. That responsibility initially lies with the administrative agency, who for that reason must enter specific findings of basic fact to support its finding of ultimate fact and conclusion of law. Parties will thereby be enabled to formulate intelligent and specific arguments on review. In turn, the reviewing court can expeditiously and effectively review the agency's determination; the integrity of that decision will be maintained by judicial review which is limited to these findings.
>
> Additionally, the statutory requirement serves to protect against careless or arbitrary administrative action. Answers to difficult questions may easily be stated, but the validity and respect to be accorded the answer lies in the rationale and facts upon which it is founded. That requirement that findings of basic fact be entered insures that a careful examination of the evidence, rather than visceral inclinations, will control the agency's decision.

(Citations omitted).

Here, the Single Hearing Member's decision contains no findings of fact. Rather, the decision contains a recitation of the pleadings filed by the parties and an order dismissing Stytle's application. The Board did not enter its own findings but, instead, adopted and affirmed the Single Hearing Member's decision. Given the absence of factual findings, Stytle asserts that the court on appeal is unable to meaningfully review the contested issues. But Angola and DuPage respond that there are no disputed facts and that the issues presented are pure questions of law.

Our courts have addressed the requirement that the Board enter adequate factual findings on many occasions. *See, e.g., Perez,* 426 N.E.2d at 30–34; *Smith v. Henry C. Smithers Roofing Co.,* 771 N.E.2d 1164 (Ind.Ct.App.2002); *Wayman v. J & S Petroleum, Inc.,* 694 N.E.2d 767 (Ind.Ct. App.1998); *Jackson v. Cigna/Ford Electronics and Refrigeration Corp.,* 677 N.E.2d 1098 (Ind.Ct.App.1997); *East Asiatic/Plumrose v. Ritchie,* 655 N.E.2d 87 (Ind.Ct.App.1995), *trans. denied; K–Mart Corp.,* 609 N.E.2d at 31–32. But our research reveals only one case where a party claimed that the findings were inadequate and in which the issue presented to the Board was purely a question of law. Specifically, in *Campbell v. Darling & Co.,* 147 Ind.App. 287, 259 N.E.2d 430, 431 (1970), the claimant appealed from the Board's denial of his verified motion to set aside a previous order, in which the Board had dismissed the claimant's application for review of an original award because the ap-

plication for review was not timely filed. The claimant argued, in part, that the Board had failed to enter specific factual findings. But we held, without citation to authority, that where the only issue before the Board was one of law, the Board was under no duty to make findings of fact. *Id.*

In this case, Stytle appeals from the Board's decision granting Angola and DuPage's motion to dismiss his application for lack of subject matter jurisdiction. None of the cases in which our courts have remanded for specific factual findings involve an appeal from a motion to dismiss, and while *Campbell* involved a question of law, it did not address a motion to dismiss. Thus, we must decide whether the Board was required to issue factual findings when it granted Angola and DuPage's motion to dismiss.

■ We begin our analysis with the standard of review in worker's compensation cases, which provides deference to the Board's findings. *See Smith v. Bob Evans Farms, Inc.,* 754 N.E.2d 18, 22 (Ind.Ct. App.2001), *trans. denied.* In particular, the appellate court is bound by the Board's factual determinations and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Id.* Moreover, we will not reweigh the evidence or assess the credibility of witnesses on appeal. *Community Action Program of Evansville v. Veeck,* 756 N.E.2d 1079, 1082 (Ind.Ct.App.2001). As a result, as with the deference commonly afforded trial courts, we leave the responsibility of fact finding primarily to the Board.

■ But Angola and DuPage assert that findings are irrelevant when the motion to dismiss does not require the Board to resolve disputed facts. We note that in civil cases, trial courts often rule on motions to dismiss that do not require fact

finding and, instead, present pure questions of law. The standard of appellate review of a trial court's grant or denial of a motion to dismiss for lack of subject matter jurisdiction is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). The standard of appellate review is dependent upon: (1) whether the trial court resolved factual disputes; and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.* When questions of law are presented, the standard of review is de novo. *Id.*

■ While we reiterate the critical role of findings of fact in worker's compensation cases, we conclude that, under certain circumstances, the Board may forego its statutory duty to issue findings of fact when ruling on a motion to dismiss an application. Specifically, when the facts are not disputed and the parties present the Board with a pure question of law, *Campbell* controls and findings are not required. Under those circumstances, the standard of appellate review is de novo. However, if the Board resolves factual disputes, the Board must enter findings that are adequate to allow meaningful appellate review. *See Perez,* 426 N.E.2d at 31–33.

Thus, we must first determine whether the motion to dismiss required the Board to resolve factual disputes. As we have stated, Angola and DuPage assert that the relevant facts were not in dispute. In his reply brief, Stytle contends that the parties did not stipulate to the facts. He further asserts that Angola and DuPage dispute certain facts in their appellate

brief. Our review of both briefs reveals the following factual disputes: (1) Angola and DuPage dispute that Stytle was diagnosed with aluminum poisoning; (2) Angola and DuPage dispute Stytle's characterization of his exposure to aluminum while employed at Angola; and (3) Angola and DuPage dispute Stytle's assertion that, at some point after he left employment at Angola, Angola merely changed its name to DuPage. Therefore, contrary to Angola and DuPage's assertion, factual disputes exist.

Still, we agree with Angola and DuPage that these factual disputes are not necessarily relevant to the legal questions presented to the Board. For example, if the Board dismissed Stytle's application on the basis that he failed to file it within the applicable two-year statute of limitations, it seems that the basic facts relevant to this issue are undisputed. Stytle left his employment with Angola in 1990 and did not file his application until August 2000.[1]

However, that argument emphasizes the most problematic aspect of the Board's decision in this case. That is, Angola and DuPage presented the Board with three separate and independent bases for dismissal of Stytle's application. And the Board failed to indicate on which basis or bases it granted the motion to dismiss. As this court explained in *Outlaw v. Erbrich Prods. Co., Inc.*, 758 N.E.2d 65, 68 (Ind.Ct.

App.2001), "[One] purpose of the Board issuing findings of fact is to create a road map so that the readers of the opinion— including this court—can clearly follow the reasoning used by the Board to reach its ultimate conclusion." And as the court in *Perez*, 426 N.E.2d at 33, stated:

> [F]indings of basic fact must reveal the Board's analysis of the evidence and its determination therefrom regarding the various specific issues of fact which bear on the particular claim. The "finding of ultimate fact" is the ultimate factual conclusion regarding the particular claim before the Board[.].. The finding of ultimate fact may be couched in legal terms and definitions which govern the particular case. In contrast, the specific findings of basic fact must reveal the Board's determination of the various relevant sub-issues and factual disputes which, in their sum, are dispositive of the particular claim or ultimate factual question before the Board. The findings must be specific enough to provide the reader with an understanding of the Board's reasons, based on the evidence, for the ultimate finding of fact.

Here, the Board's decision not only fails to include basic findings of fact, but the reader is unable to ascertain the reasoning behind the Board's finding of ultimate fact, which was dismissal of Stytle's application. Stated differently, the reader has

---

1. Stytle argues on appeal that the Occupational Diseases Act's two-year statute of limitations is unconstitutional. Specifically, he asserts that when a worker does not learn of a disease until more than two years after the last date of exposure, his claim should not be time-barred. In support of his argument, he relies heavily on tort and medical malpractice cases. He requests that this court be the first to adopt a "discovery rule" similar to that applied in tort and medical malpractice cases because to bar his claim would be unconstitutional as applied to him under Article I, Section 12 of the Indiana Constitution. However, because the Board failed to identify on which grounds it dismissed Stytle's application, we need not address his constitutional challenge. *See General Motors v. Indianapolis Power & Light*, 654 N.E.2d 752 (Ind.Ct.App. 1995) (when statute challenged on constitutional grounds, we first seek to dispose of case on nonconstitutional grounds). Additionally, we note that the Board, an administrative body, cannot determine the constitutionality of a statute. *Evans v. Watt*, 90 Ind.App. 37, 168 N.E. 38, 39 (1929). If, on remand, the Board finds that Stytle's claim is barred by the statute of limitations, then we will address the constitutional issue if raised in a subsequent appeal.

no way of knowing whether the Board granted the motion to dismiss because: (1) it determined that DuPage was never Stytle's employer; (2) Stytle failed to file his application within the applicable statute of limitations; or (3) it determined that Stytle had a valid claim but that Angola and DuPage's insurance carrier is not liable. As a result, the parties were left to guess on what basis or bases the Board granted the motion and were forced to argue all three issues on appeal. "[B]oth the claimant and the employer have a legal right to know the evidentiary bases upon which the ultimate finding rests." *Perez*, 426 N.E.2d at 32.

The Board's decision in this case presents a circumstance under which both the parties to the action and the appellate court are left to speculate on the agency's rationale. *See Jackson*, 677 N.E.2d at 1102 (stating general rule that in all cases, administrative agency must set out written findings in support of its decision so that reviewing court does not have to speculate as to agency's rationale). "By disposing of the present case in such an abbreviated manner, the Board thwarted the goals of expeditious and effective review of Board determinations and protection against careless and arbitrary administrative action." *Wayman*, 694 N.E.2d at 770. Thus, we hold that the Board's findings of fact are insufficient to permit intelligent appellate review. We, therefore, reverse the Board's dismissal of Stytle's application and remand with instructions to enter findings which comply with Indiana Code Section 22–3–4–7.

Reversed and remanded with instructions.

SHARPNACK, J., and VAIDIK, J., concur.